NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUCIA DEL CARMEN ROMERO HERNANDEZ; SAUL ELISEO RIVAS ROMERO,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-2669<br><br>Agency Nos.<br>A216-566-166<br>A216-566-167<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024**
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Lucia Del Carmon Romero Hernandez ("Petitioner"), and her minor son Saul

Eliseo Rivas Romero (together "Petitioners"), natives and citizens of El Salvador,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

seek review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), as it did here, "and also provides its own review of the evidence and law, we review both the IJ's and BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citing *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010)). We review questions of law *de novo* and review factual findings for substantial evidence. *Id.* at 1028–29. An issue that is not "specifically and distinctly" argued in a petitioner's brief is deemed waived. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

First, the BIA held that Petitioner failed to "meaningfully challenge the Immigration Judge's finding that her past and feared future mistreatment from her former partner" was due to personal reasons entirely distinct from her membership in the purported particular social group of "females in El Salvador." Thus, the BIA reasoned, the issue had been waived. So too, Petitioner failed to specifically and distinctly challenge the BIA's waiver determination in her opening brief before us, instead arguing that the particular social group of "females in El Salvador" is cognizable at the outset. Because Petitioner has not meaningfully challenged the

BIA's determination that she had already waived the issue of whether her mistreatment was due to personal reasons entirely unrelated to her membership in the purported particular social group, we too deem the issue waived. *See id.*

Next, before the IJ and BIA, Petitioners argued that they are entitled to a grant of asylum due to their membership in the family-based social group of "family members of Elizabeth Romero Hernandez," Petitioner's sister. However, again, Petitioners did not raise any argument as to why or how the IJ or BIA erred in denying them asylum on this ground. Indeed, the opening brief does not even mention Petitioners' membership in the purported family-based social group. Accordingly, we deem this issue waived. *See id.*

The BIA next held that Petitioners failed to meaningfully argue in their appeal that the IJ erred in its nexus determination for withholding of removal, and deemed the issue waived. Similarly, Petitioners failed to specifically and distinctly argue in their opening brief to the Panel that the BIA erred in determining that the issue had been waived. Thus, we too find the issue waived. *See id.*

Finally, the IJ and BIA determined that Petitioners are not entitled to CAT protection because they only pointed to generalized violence within the country of removal and did not provide evidence that the government would be aware of and remain willfully blind to torture inflicted against Petitioners. *Cf. Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (holding that a government acquiesces to torture if it

is aware of the torture and remains willfully blind to it due to its inability or unwillingness to oppose it). Contrary to Petitioners' broad assertions, the evidence demonstrates that the El Salvadoran government has laws prohibiting domestic violence and has increased prosecution of gang members. Further, Petitioners never reported any of the incidents of violence to the authorities. Thus, Petitioners have not produced evidence that compels the conclusion that it is more likely than not that they will face torture at the instigation or acquiescence of the El Salvadoran government. As such, Petitioners have not met their burden of proof establishing their right to relief under CAT.

**PETITION DENIED.**